IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DAVID SAAB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 06-0319-CV-W-SOW |
| ) | |
| HOME DEPOT U.S.A., INC., ) | |
| a Delaware corporation, ) | |
| ) | |
| Defendant. ) | |

ORDER

Before the Court is Plaintiff's Motion to Remand and Memorandum in Support (Doc. # 9). The issue has been fully briefed and is ready for ruling. For the reasons stated below, the Court has determined that it has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). Accordingly, plaintiff's motion to remand this case to the Circuit Court of Jackson County, Missouri is denied.

I. Background

Plaintiff David Saab brought this putative class action in the Circuit Court of Jackson County, Missouri on behalf of himself and others similarly situated, alleging that defendant Home Depot, USA, Inc. ("Home Depot") violated the Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010, et seq. (Count I), and the Missouri Uniform Commercial Code, Leases, Mo. Rev. Stat. § 100.0A-101, et seq. (Count II). Plaintiff seeks compensatory damages, declaratory and injunctive relief, and attorneys' fees and costs.

In the Complaint, plaintiff alleges that defendant Home Depot automatically charges customers a 10% damage waiver ("the provision"), exclusive of sales tax, on all rentals of tools

and equipment without first asking them whether they want to purchase the damage waiver and without disclosing that it is optional. Plaintiff further alleges that Home Depot's rental invoices list the automatic 10% damage waiver in a manner that makes it appear as a mandatory charge or tax. The Complaint also contends that although the damage waiver purports to protect customers if a rented item is damaged, it has virtually no value because it contains exclusions that essentially negate any coverage. Other actions have been filed in state courts challenging the same provision in Home Depot rental agreements under the those states' consumer protection acts.

Certain portions of plaintiff's Complaint are worth noting for the Court's analysis. Specifically, plaintiff states that there are questions of law and/or fact common to the class including:

> (g) [w]hether Home Depot's Damage Waiver Provision in its Rental Agreement is unconscionable under RSMo. 400.2A-108, thereby making the provision unenforceable and granting the Court the authority to award appropriate relief. Complaint at ¶ 25(g).

In its Prayer for Relief, plaintiff prays that:

> 3. the Court will permanently enjoin Home Depot from continuing to engage in conduct with respect to the Damage Waiver provision contained in its Rental Agreements which is unlawful under the Missouri Merchandising Practices Act; . . .
> 5. the Court declare and adjudge that Home Depot's Damage Waiver violates RSMo. 400.2A-108. Complaint at 10.

On April 13, 2006, defendant removed the action to this Court based on diversity jurisdiction, 28 U.S.C. § 1332(a); and supplemental jurisdiction over the putative class members' claims pursuant to 28 U.S.C. § 1367.

On May 12, 2006, plaintiff filed a timely motion to remand challenging diversity jurisdiction. Plaintiff argues that neither he nor any member of the putative class he represents

2

Case 4:06-cv-00319-SOW   Document 18   Filed 07/06/06   Page 2 of 8

meets the requisite $75,000 amount in controversy. Plaintiff concedes that there is complete diversity between the parties.

## II. Standard

When examining whether diversity subject matter jurisdiction exists, and the complaint alleges no specific amount of damages, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." Missouri ex rel. Pemiscot County v. W. Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995). In a removed case, where the defendant is invoking jurisdiction, the court examines whether the claim originally asserted by the plaintiff "could, that it might, legally satisfy the amount in controversy requirement." James Neff Kramper v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005) (citing Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002)).

## III. Discussion

In its Notice of Removal, defendant argues that the injunctive relief sought by plaintiff, including prohibiting Home Depot from selling damage waivers, could cost Home Depot more than $75,000. Home Depot has submitted various evidence in support of this contention, including a declaration of Dan McAreavey, Home Depot's Director of Tool Rental Operations and Merchandising,[1] who stated that the amount of Home Depot revenue from 2005 damage waivers in Missouri totaled $389,069. Furthermore, defendant argues that if plaintiff obtains his requested injunctive or declaratory relief it will have to revise its policies and procedures for the damage waiver, create new Rental Agreement and Terms and Conditions forms, and re-train its

---

[1]The Eighth Circuit Court of Appeals has authorized district courts to consider affidavits and answers to interrogatories either to support or defeat diversity jurisdiction. Larkin v. Brown, 41 F.3d 387, 389 (8th Cir. 1994).

employees to comply with the new procedures, all in excess of $75,000. Plaintiff counters that these arguments are "fatally flawed" because (1) the injunctive relief plaintiff and the class members seek will not require Home Depot to cease selling its damage waivers, and (2) plaintiff and the class members have separate and distinct claims for injunctive relief, which cannot be aggregated to satisfy the amount in controversy requirement.

Plaintiff argues that the entire value of the injunctive relief plaintiff seeks for himself and the putative class should be attributable to plaintiff individually for jurisdictional purposes, which amounts to less than the requisite $75,000. See Radmer v. Aid Ass'n for Lutherans, 2000 WL 33910093 (W.D. Mo. Apr. 27, 2000). Defendant argues that this argument is inapplicable because Home Depot is not seeking to aggregate the value of the injunctive relief. Yet just because Home Depot says it is not aggregating the value of the injunctive relief does not make it so. Plaintiff points to a case from the District of Kansas that was faced with the same remand issue involving a putative class and the damage waiver charge. See Kincaid, et al. v. Home Depot, U.S.A., Inc., 2006 WL 1009241 (D.Kan. Apr. 18, 2006). Indeed, the Court is aware that the plaintiffs in both the Kansas and Missouri case are represented by the same counsel. The Kincaid court concluded that in fact Home Depot was attempting to aggregate the value of the injunctive relief to reach the requisite $75,000, instead of evaluating the damages claimed by each individual plaintiff.

The Court notes that Home Depot made the same argument to the Kansas court, namely that Home Depot was not attempting to aggregate the value of injunctive relief, but rather if Home Depot was found liable for unconscionable conduct with respect to its damage waiver provision for even *one* individual plaintiff it could in fact be required by the Court to pull the

4

damage waiver from the agreement, fashion language for a new waiver, print new wavier forms, and re-train employees, all which *could* be in excess of $75,000.  Even when this argument was presented, the Kansas court determined that calculating the amount of controversy in this way would "effectively attribute the full cost of injunctive relief to each individual class member, in violation of the nonaggregation rule set forth in Zahn v. International Paper Co., 414 U.S. 291, 300-02 (1973)."  Kincaid, 2006 WL at *4.  By this logic, the Kincaid court remanded the case back to state court for lack of subject matter jurisdiction.

The Court fails to understand the logic of the court in Kincaid.  It fails to see how the "effect of what the defendant wants the court to do is aggregation."  Id.  It seems fairly clear to this Court that based on plaintiff's Complaint, namely his prayer for relief, that the Court is being asked to declare and adjudge that Home Depot's damage waiver violates RSMo. 100.2A-108.  See Complaint at 10.  Furthermore, a common question of law put forth by the plaintiff included that the plaintiff is seeking for the Court to determine that the damage waiver provision is unconscionable pursuant to section 400.2A-108.  See Complaint at ¶ 25(g).  Upon review of the statute, the Court finds that if the Court determines that the damage waiver provision is unconscionable, the "appropriate relief" that may be proper from the statute includes: "refus[al] to enforce the lease contract, or it may enforce the remainder of the lease contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result."  See Mo. Rev. Stat. § 100.0A-108.  As these are the possibilities for relief, the Court could imagine that Home Depot may be required to take out the waiver provision altogether, or rewrite the provision, during which time it would lose revenue from the damage waiver, which last year totaled $389,069 in Missouri. Furthermore, the Complaint

5

alleges that although the damage waiver purports to protect customers if a rented item is damaged, it has virtually no value because it contains exclusions that essentially negate any coverage. Surely if it is determined that the provision has no value, it could be ordered that the provision be removed from the rental agreement altogether for a period of time that is now unknown.

Based on the above, the Court finds that defendant has met its burden by a preponderance of the evidence that the value of the injunctive relief in this case, even to an individual plaintiff, could exceed $75,000. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 347 (1977).

The Court is aware that plaintiff has argued in his Brief that the injunctive relief he and the class members seek will not require Home Depot to cease selling its damage waivers, rather plaintiff is arguing that it has consistently only targeted Home Depot's alleged practice, or conduct, of charging for damage waivers without first informing customers that they are optional and asking if they wish to purchase it - not the broader practice of offering and charging for the damage waiver. The Court has reviewed the Rickher court's reasoning on this point as well. See Rickher v. Home Depot, Inc., 2006 U.S. Dist. LEXIS 3233 (N.D. Ill. Jan. 26, 2006). The Rickher case was a similar case to this, in that it challenged Home Depot's damage waiver provision under the Illinois Consumer Fraud and Deceptive Practices Act. In Rickher, the court determined that the unconscionability complained of was not in the damage waiver provision itself, and relief was not sought on that basis. Id. at *10. Rather, the court found that only the conduct of failing to inform customers of the optional waiver was sought to be enjoined, which

6

could surely not cost Home Depot in excess of $75,000.  Id.  Of course plaintiff relies on this case, but the Court finds that the Illinois case is distinguishable.  In Rickher, the Court sets forth the plaintiff's complaint in its entirety.  Id. at *4-9.  Upon review of that complaint, this Court notes that the common questions of law and/or fact are different, in that the Illinois case only complains about the conduct of Home Depot and their failure to inform the customers of the charge.  Furthermore, the prayer for relief in the Illinois case does not include a request that the Court declare the actual damage waiver unconscionable.  The only injunctive relief requested was that the defendant be enjoined from continuing its unlawful practices.  In fact, the Court of Appeals in Rickher noted that the plaintiff made the same claims as in this case: "[h]ere, Rickher claimed that Home Depot's sale of damage waivers is 'unconscionable' and that the waivers are 'of little if any value.'  *If Rickher were to succeed on his claims it follows that Home Depot would be enjoined from selling the damage waivers*."  Home Depot, Inc. v. Rickher, No. 06-8006 (7th Cir. May 22, 2006) (emphasis added).  The Court agrees that the same logic would follow in this case.

While it may be true that plaintiff is requesting that the Court permanently enjoin Home Depot from continuing to engage in conduct with respect to the damage waiver provision, it is also making a prayer, such that if plaintiff is successful, the entire provision could be rescinded. In fact, plaintiff's representations to the Court in his Brief that it is only asking that the conduct of Home Depot be enjoined, and not the "general practice" of selling damage waivers, is disingenuous at best given the language of the Complaint.

Finally, plaintiff seeks recovery of his fees and expenses for wrongful removal.  As the Court has found that defendant Home Depot had an objective, reasonable basis for removal, this

7

request is denied.

## IV. Conclusion

Accordingly, it is hereby

ORDERED that Plaintiff's Motion to Remand and Memorandum in Support (Doc. # 9) is denied. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). It is further

ORDERED that this case be set on the next scheduling telephone conference docket.


/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: July 6, 2006